# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER P. WHITE, and REFFCO II, L.P., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:14-cv-00471-TWP-DML ) |
| GEORGE KEELY, JOYCE MORRIS, TRICIA RAKE, TERRY SCOTT, and MICHAEL MAURER, | ) ) ) ) ) |
| Defendants. | ) |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted filed by Defendants George Keely, Joyce Morris, Tricia Rake, Terry Scott, and Michael Maurer (collectively, "Defendants") ([Filing No. 8, at ECF p. 1](#)). Plaintiffs Christopher Paul White ("Mr. White") and Reffco II, L.P. ("Reffco") (collectively, "Plaintiffs") initiated this action alleging that The National Bank of Indianapolis ("NBI") improperly paid certain Automated Clearing House ("ACH") drafts and transferred funds from Reffco's account without Plaintiffs' knowledge or consent and in violation of 18 U.S.C. § 1005 and 12 U.S.C. § 503. For the reasons set forth below, the Defendants' Motion is **GRANTED.**

## I.  BACKGROUND

Mr. White is the sole shareholder of Reffco. Defendants are identified as five officers of NBI during the relevant time period when the transactions occurred on January 30, 2008, as alleged in the Complaint. Specifically, Mr. White alleges that Defendants unilaterally made unauthorized

transfers between Plaintiffs' multiple accounts held by NBI and that in an attempt to cover up the unauthorized transfers, NBI's officers engaged in false reporting.

Although the facts alleged are extensive and involve multiple accounts and transactions, they can fairly be summarized as follows: Defendants honored ACH drafts drawn on one account, despite there being insufficient funds, and subsequently transferred funds from the Reffco account into the overdrawn account without the knowledge or consent of Reffco or Mr. White. The overdrawn account was used only for the purpose of paying a separate legal entity's payroll, Premier Properties, USA ("PPUSA") and monies were transferred between the accounts only when PPUSA desired to execute payment of its payroll by authorization. The crux of the Plaintiffs' claim against the Defendants is that in an effort to cover up the unauthorized transfer, the Defendants created official bank records with material omissions and misrepresentations. On March 26, 2014, the Plaintiffs filed their Complaint seeking to recover for the Defendants' personal liability for the false reporting under the False Entry Statute and the Federal Reserve Act.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Mosley v. Kinclair*, 947 F.3d 1338, 1339 (7th Cir. 1991). The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8 (a)(2), and there is no need for detailed factual allegations. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citation omitted). Nevertheless, the statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests," and the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations and quotations omitted). "Although this does 'not require heightened fact pleading of specifics,' it does require the

complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" *Killingsworth v. HSBC Bank Nev. N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

Defendants raise two challenges to the Complaint. First, they argue that Mr. White has failed to assert detrimental reliance on the allegedly false reports. Second, they argue that Mr. White failed to adequately plead any facts which show that the alleged violations proximately caused his damages. The Court disagrees with the second challenge as Mr. White pled that the alleged violations caused him to be prosecuted for a check kiting scheme and resulted in the withdrawal of money from one account to another without his authorization or knowledge. This is a sufficient level of facts to reach the threshold requirement on the issue of proximate causation. It is not necessary that he plead a determinate amount of damages at this time. With respect to the first challenge however, the Court is not persuaded.

**A.     The Court dismisses the Complaint because detrimental reliance on the allegedly false reports has not been adequately pled.**

The False Entry Statute provides that officers, directors and agents of Federal Reserve banks who intentionally make false reports or false entries can be criminally prosecuted. 18 U.S.C. § 1005 (2002). The violation of this statute is a necessary precursor for civil liability for directors and officers under the Federal Reserve Act. 12 U.S.C. §503 (2014).

> If the directors or officers of any member bank shall knowingly violate or permit any of the agents, officers, or directors of any member bank to violate . . . any of the provisions of sections . . . 1005 . . . every director and officer shall be held liable in his personal and individual capacity for all damages which the member bank, its shareholders, or any other persons shall have sustained in consequences of such violation.

*Id.*

3

The Seventh Circuit has held that detrimental reliance is required to show causation under a § 503/1005 claim. *Brown Leasing Co. v. Cosmopolitan Bancorp., Inc.*, 42 F.3d 1112, 1116 (7th Cir. 1994). In *Brown Leasing*, the plaintiff sued the defendant bank directors for mischaracterization of a credit arrangement and omissions of reporting this arrangement to federal regulators. The second amended complaint stated, "Plaintiff reasonably relied on the defendant directors to satisfy their obligations under the National Bank Act to properly record and reflect the Consentino Credit Arrangement, including without limitation the guaranties by Cosmopolitan and its chairman, in its books and records and in its reports to federal regulators. . ." *Id.* at 1117. The Seventh Circuit held that this pleading was not sufficient to show that plaintiff relied to its detriment on misleading statements filed with the Comptroller of Currency and affirmed the district court's dismissal for failure to state a claim. *Id.* at 1116.

Mr. White's Complaint uses very similar language to the *Brown Leasing* pleading, that the Seventh Circuit held inadequate, for detrimental reliance in his pleading: "White and Reffco relied upon NBI and its officers to accurately report what actually occurred on January 30, 2008[,] and otherwise to comply with the federal laws requiring national banks to make full and accurate reports of all transactions handled by the Bank." ([Filing No. 1, at ECF p. 14](Filing No. 1, at ECF p. 14)). Legal conclusions couched as factual allegations and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not survive 12(b)(6) motions. *Iqbal*, 556 U.S. at 678 (citation omitted). Similar to *Brown Leasing*, Mr. White simply pleads that he detrimentally relied on the Defendants to comply with federal bank reporting laws by making full and accurate reports. This is a conclusion based on the Defendants' duties to comply with the statute, but it does not state sufficient facts for a showing of detrimental reliance on the false reports.

The Defendants raise the argument that Mr. White cannot meet the requisite detrimental reliance standard. While in *Brown Leasing*, the Seventh Circuit noted that the plaintiff could not have detrimentally relied on the defendant director's mischaracterization of the credit arrangement because the plaintiff helped to create the scheme and therefore had knowledge of the omissions, this Court's holding does not go as far in the dismissal of this case. On a 12(b)(6) motion it must be taken as true that Mr. White did not have knowledge of the false reporting as alleged in the Complaint. Therefore, this Court does not hold that Mr. White cannot show detrimental reliance with an adequately pled complaint. Because the instant Complaint does not adequately plead detrimental reliance, the Defendants' Motion to Dismiss the Complaint is **GRANTED** without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion to Dismiss ([Filing No. 8](#)). The Complaint is **DISMISSED without prejudice** and Plaintiffs have **fourteen (14) days from the date of this Entry** to amend their Complaint.

**SO ORDERED.**

Date: 11/7/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher Charles Hagenow
BLACKWELL, BURKE & RAMSEY, P.C.
chagenow@bbrlawpc.com

R. Brock Jordan
RUBIN & LEVIN, PC
brock@rubin-levin.net