**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER P. WHITE, and | ) | |
| REFFCO II, L.P., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-00471-TWP-DML |
| | ) | |
| GEORGE KEELY, JOYCE MORRIS, | ) | |
| TRICIA RAKE, TERRY SCOTT, and | ) | |
| MICHAEL MAURER, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY AND NOTICE

This matter is before the Court on Defendants George Keely, Joyce Morris, Tricia Rake,

Terry Scott and Michael Maurer's (collectively, "Defendants"), Motion for Entry of Final

Judgment (Filing No. 30). For the reasons stated below, Defendants' Motion is **DENIED**.

On November 7, 2014, the Court issued an Entry on Motion to Dismiss (Filing No. 22),

which granted Defendants' Motion to Dismiss for Failure to State a Claim. The dismissal was

without prejudice and gave leave for Plaintiffs Christopher P. White and Reffco II, L.P.

(collectively, "Plaintiffs"), to file an amended complaint within fourteen days. When a motion to

dismiss is granted it is the norm to permit the filing of an amended complaint. *Alioto v. Town of*

*Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011) ("[a] plaintiff ordinarily retains the ability to amend his

complaint once as a matter of right, even after a court grants a motion to dismiss."); *Bausch v.*

*Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010) ("[a] plaintiff is entitled to amend the complaint

once as a matter of right, Fed.R.Civ.P. 15(a), and a court should 'freely give leave [to file an

amended complaint] when justice so requires.' Fed.R.Civ.P. 15(a)(2)."); *Foster v. DeLuca,* 545

F.3d 582, 584 (7th Cir. 2008) ("[a]n order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right.")).

That is precisely the step contemplated by the Court in its Entry of November 7, 2014, granting a motion to dismiss the plaintiffs' complaint. That Entry provides:

> The Complaint is **DISMISSED without prejudice** and Plaintiffs have **fourteen (14) days from the date of this Entry** to amend their Complaint.

Rather than filing an amended complaint or giving some other informative notice to the Court, the Plaintiffs filed a Notice of Appeal on December 5, 2014 (Filing No. 23). That appeal has been docketed as No. 14-3663.

The Plaintiffs' failure to file an amended complaint, coupled with the passage of time, poises the action for its dismissal with prejudice and the entry of final judgment. However, the effect of the notice of appeal must be considered.

Although a notice of appeal usually "divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam), "[t]he rule does not operate . . . where there is a purported appeal from a non-appealable order." *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982), *cert. denied,* 460 U.S. 1091 (1983).

"The only prerequisites to appellate jurisdiction are a final judgment and a timely notice of appeal. 28 U.S.C. § 1291." *Fairley v. Andrews*, 578 F.3d 518, 521 (7th Cir. 2009). In the ordinary course, a "final decision" is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Catlin v. United States,* 324 U.S. 229, 233 (1945); *see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142 (1993) ("Appeal is thereby precluded from any decision which is tentative, informal or incomplete, as well as from any fully consummated decisions, where they are but steps towards final judgment in which they

will merge."). In this case, there has been no final judgment and, importantly, the complaint was dismissed without prejudice.

> The typical case in which . . . a dismissal [without prejudice] is nonfinal is a dismissal on the basis of an error that the judge expects will be corrected by the filing of an amended complaint. The judge thus has not finished with the case, and appeal would therefore be premature.

*Schering-Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 506 (7th Cir. 2009) (citing cases). This is that "typical case," a case in which the district court has taken no step to make its ruling final and thus appealable.

Subject to exceptions not remotely applicable here, "dismissals without prejudice are canonically non-final." *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008) (internal quotation and citations omitted). Additionally, it is well-established that the simple dismissal of a complaint does not terminate the litigation. *See Paganis v. Blonstein*, 3 F.3d 1067, 1070 (7th Cir. 1993); *Benjamin v. United States*, 833 F.2d 669, 671 (7th Cir. 1987).

The foregoing appears to point in only one direction, which is that the Plaintiffs' Notice of Appeal was filed prematurely and will be dismissed for lack of jurisdiction. *Szabo v. U.S. Marine Corp.,* 819 F.2d 714, 717 (7th Cir. 1987) ("[I]f there was no final order when [defendants] filed [their] notice of appeal, the notice was premature, and did not confer appellate jurisdiction.") (citing *United States v. Hansen*, 795 F.2d 35 (7th Cir. 1986)).

All of this has not escaped the attention of the Court of Appeals in No. 14-3663, which on December 9, 2014 issued its Order directing the Plaintiffs to show cause why the appeal should not be dismissed for lack of jurisdiction. The Plaintiffs responded with their filing of December 22, 2014, and the Defendants have been given through January 16, 2015, by which to reply.

If the Court of Appeals finds appellate jurisdiction, this Court would be in error in proceeding further at this point. Although that may be unlikely, the Plaintiffs have made an effort

to show that appellate jurisdiction exists. There is no discernible downside to this Court awaiting resolution of the jurisdictional issue in No. 14-3663 before acting further. The parties are hereby **notified** through this Entry and Notice that this Court will await resolution of the jurisdictional issue in No. 14-3663 before dismissing the action with prejudice based on this Court's Entry of November 7, 2014, or taking such other action as is appropriate in light of whatever resolution occurs.

In light of the foregoing, and because acting as the Defendants propose in their Motion may be viewed as this Court's effort to undercut the Court of Appeals' authority to determine its own jurisdiction, Defendants' Motion for Entry of Final Judgment (Filing No. 30) is **DENIED.**

**SO ORDERED.**

Date: 1/16/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher Charles Hagenow
BLACKWELL, BURKE & RAMSEY, P.C.
chagenow@bbrlawpc.com

R. Brock Jordan
RUBIN & LEVIN, PC
brock@rubin-levin.net